

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CARLOS M. SALAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-10-S-02102-NE |
| | ) | |
| SERVICON SYSTEMS, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff, Carlos Salas, filed this action against his employer, Servicon Systems, Inc. ("Servicon"), asserting claims of discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 *et seq.*, and 42 U.S.C. § 1981. The case is now before the court on Servicon's motion to compel arbitration and dismiss, or in the alternative stay, this action.[1]

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), establishes a national policy favoring arbitration of disputes. *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). "[A]s

---

[1] Doc. no. 6.

with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

The existence of a valid contract to arbitrate is determined by state law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). There are two prerequisites for a valid arbitration contract under Alabama law: "(1) there must be a written agreement calling for arbitration[,] and (2) the contract in which the arbitration agreement appears must relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citation omitted).

In the present action, there undisputedly exists a written agreement — signed by both plaintiff and Servicon — calling for arbitration. Plaintiff executed a written Arbitration Agreement when he commenced his employment with Servicon in June 2009.[2] The Arbitration Agreement provides, in pertinent part:

> In the event of any dispute, claim or controversy between [Plaintiff] and [Servicon], its directors, officers, employees or agents, both parties agree to submit such dispute, claim or controversy to final and binding arbitration, including, but not limited to, claims for breach of contract, civil torts and employment discrimination such as, violation of the Fair Employment and Housing Act, Title VII of the Civil Rights Act, Age Discrimination in Employment Act, as modified by the Older

---

[2] *See* doc. no. 7, Exhibit A.

2

Worker's Protection Act, and other employment laws.

. . . .

> This Agreement shall continue during the term of employment and thereafter regarding any employment related disputes.[3]

Further, the parties' Arbitration Agreement arises out of the underlying employment relationship between plaintiff and Servicon, which clearly involves interstate commerce. The United States Supreme Court broadly construes the term "interstate commerce" in defining the scope of the FAA, extending its reach to the full limits of Congress's commerce clause power. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 268 (1995). It is undisputed that Servicon is a California corporation that regularly conducts business in multiple states, and it, likewise, employs individuals throughout various states.[4] The court is satisfied that Servicon's overall employment practice sufficiently affects interstate commerce under the FAA. *See, e.g.*, *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1370 (11th Cir. 2005) (finding interstate commerce requirement met under the FAA because the overall employment practices of the employer, who operated in multiple states, affected interstate commerce).

In summary, plaintiff executed a valid arbitration agreement that must be

---

[3] Doc. no. 7, Exhibit A.

[4] Doc. no. 7, at 7. *See also* doc. no. 1, ¶ 4.

3

enforced in the spirit of the federal policy favoring arbitration.  In accordance with the foregoing, Servicon's motion will be GRANTED in part.  The case will be STAYED pending the results of arbitration, and Servicon's motion to dismiss will, accordingly, be DENIED.  An appropriate order consistent with this memorandum will be entered contemporaneously herewith.

DONE this 10th day of November, 2010.

_____
United States District Judge